UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 1:19-cv-03876 |
| ) | |
| **286,161 bottles, 209 dietary supplement cookie** ) | Honorable Sarah L. Ellis |
| **packs, and 45,521 packs, boxes, or granules, more** ) | |
| **or less, of an article of food, specifically various** ) | Jury Trial Demanded |
| **herbal supplement capsules, tablets, cookies, and** ) | |
| **teas, as described in Appendix A, manufactured,** ) | |
| **prepared, packed, held, or distributed by LIFE** ) | |
| **RISING CORPORATION,** ) | |
| ) | |
| **Defendants.** ) | |

### DEFENDANT LIFE RISING CORPORATION'S ANSWER TO PLAINITFF'S VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Claimant, LIFE RISING CORPORATION ("Defendant"), by and through the undersigned counsel, Golan Christie Taglia LLP, in its Answer to Plaintiff, UNITED STATES OF AMERICA ("Plaintiff") Verified Complaint for Forfeiture *In Rem*, and in support thereof state as follows:

### Nature of Action

1. This is an action to seize and condemn articles of food (dietary supplements), as described in the caption and Appendix A (the "Defendant Articles"), in accordance with the Federal Food, Drug, and Cosmetic Act (the "Act"), 21 U.S.C. § 301, *et seq.*

**ANSWER:** Claimant admits this is an action to seize and condemn food (dietary supplements), as described in the caption for this lawsuit and Appendix A to the Complaint. Claimant admits that Plaintiff purports to bring this action in accordance with the federal Food, Drug, and Cosmetic Act, but denies any violation of the same.

2. The Defendant Articles are located at Life Rising Corporation ("Life Rising"), 7884-7888 S. Quincy Street, Willowbrook, Illinois 60527, and consist in whole or in part of components that were shipped in interstate commerce from outside the State of Illinois.

**ANSWER:** Claimant admits that the Defendant Articles are currently detained in a warehouse owned by Life Rising, located at 7884 S Quincy Street, Willowbrook, Illinois 60527 as of the date of the filing of this Answer. Claimant admits the Defendant Articles consist in whole or in part of components that were shipped in interstate commerce from outside the State of Illinois..

## Jurisdiction and Venue

3. Plaintiff brings this action *in rem* to condemn and forfeit the Defendant Articles. The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345 and 21 U.S.C. § 334(a), which provide the court with jurisdiction over seizures brought under the Act.

**ANSWER:** Claimant admits that Plaintiff brings this action *in rem* purportedly to condemn and forfeit the Defendant Articles, but denies that Plaintiff is entitled to any judgment or relief in its favor. Claimant admits that based on Plaintiff's purported claims, this Honorable Court has subject matter jurisdiction.

4. The court has *in rem* jurisdiction over the Defendant Articles because the Defendant Articles are located in the Northern District of Illinois. Upon filing this complaint, the United States requests that the court issue an arrest warrant *in rem* pursuant to Fed. R. Civ. P. Supplemental Rule G(3)(b)(ii), which the United States will execute upon the Defendant Articles pursuant to Supplemental Rule G(3)(c).

**ANSWER:** Claimant admits the allegations in Paragraph 4.

5. Venue lies in this district because it is the district where the *res* is situated. 28 U.S.C. § 1395(b); 21 U.S.C. § 334(a). Specifically, the Defendant Articles are located in the Northern District of Illinois, at 7884-7888 S. Quincy Street, Willowbrook, Illinois 60527.

**ANSWER:** Claimant admits that as of the date of the filing of the Complaint, the Defendant Articles were located in the Northern District of Illinois, at 7884-7888 S. Quincy Street, Willowbrook, Illinois 60527.

## Basis for Forfeiture

6. The Defendant Articles are a food (dietary supplements) within the meaning of the Act, 21 U.S.C. § 321(ff).

**ANSWER:** Claimant admits the allegations in Paragraph 6.

7. The Defendant Articles are adulterated, after shipment in interstate commerce, within the meaning of the Act, 21 U.S.C. § 342(g)(l), in that they are dietary supplements that have been manufactured, prepared, packed, or held under conditions that do not conform to the current Good Manufacturing Practice ("cGMP") regulations, 21 C.F.R Part 111.

**ANSWER:** Claimant denies that all of the Defendant Articles have been manufactured, prepared, packed, or held under conditions that do not conform to the cGMP regulations, and therefore deny the allegations in Paragraph 7.

8. By reason of the foregoing, the Defendant Articles are held illegally within the jurisdiction of this Court and are liable to seizure, forfeiture, and condemnation pursuant to 21 U.S.C. § 334.

**ANSWER:** Claimant denies that the Defendant Articles are or were "held illegally", and therefore denies the allegations in Paragraph 8.

**Facts**

9. Life Rising is a manufacturer and/or distributor of dietary supplement products bearing brand names Life Rising, Holicare, and HopeStream, among others.

**ANSWER:** Claimant admits the allegations in Paragraph 9.

10. Life Rising is located at 7884 S. Quincy Street, Willowbrook, Illinois 60527 and has additional storage and manufacturing operations at 7886 and 7888 S. Quincy Street, Willowbrook, Illinois 60527, respectively. Some Life Rising operations are conducted at Holicare LLC ("Holicare"). which locations include but are not limited to 2131 S. Archer Ave., Chicago, Illinois 60616 and 3100 Dundee Rd., Unit 402, Northbrook, Illinois 60062, all within the jurisdiction of this Court.

**ANSWER:** Claimant denies that Life Rising has any "operations" conducted at Holicare, but admits that Holicare's locations include but are not limited to 2131 S. Archer Ave., Chicago, IL 60616 and 3100 Dundee Rd., Unit 402, Northbrook, Illinois 60062, and that these locations are all within the jurisdiction of this Court. Claimant admits the remaining allegations of Paragraph 10.

11. From February 28, 2019, to May 17, 2019, the U.S. Food and Drug Administration ("FDA") conducted an inspection of Life Rising at 7884 S. Quincy St., Willowbrook, Illinois 60527. During the inspection, FDA investigators observed, among other things, numerous and continuing significant deviations from the dietary supplement cGMP

regulations, many of which were similar or identical to violations noted during a prior FDA inspection of Life Rising in 2016 and in a warning letter that FDA issued to Life Rising in 2017.

**ANSWER:** Claimant admits that the allegations in the first sentence of Paragraph 11. Claimant denies that the FDA observed "numerous and continuing significant deviations", and therefore denies the remaining allegations in Paragraph 11.

      12.    At the end of the 2019 inspection, the FDA investigators issued a form FDA 483 (Inspectional Observations) to the quality control manager of Life Rising, notifying him of 27 objectionable conditions ("observations"). These observations are violations of the dietary supplement cGMP requirements and demonstrate that the Defendant Articles continue to be adulterated under the Act, 21 U.S.C. § 342(g)(1), because they have been manufactured, prepared, packed, or held under conditions that do conform to the cGMP regulations at 21 C.F.R. Part 111. Specifically, the violations include but are not limited to the following:

**ANSWER:** Claimant admits that at the end of the 2019 inspection, the FDA investigators issued a form FDA 483 to the quality control manager of Life Rising. Claimant admits that the form FDA 483 provided notice of what the FDA identified as 27 objectionable conditions. Claimant disputes that all of the identified conditions were "objectionable", and therefore denies the remaining allegations of this subpart of Paragraph 12.

      A.    Failure to establish written training procedures (21 C.F.R. §§ 111.8, 111.14).

**ANSWER:** Claimant admits that it did not have written training procedures on the date of filing of the Complaint, but affirmatively states that as of the filing of Claimant's Answer, it has written procedures that are compliant with 21 C.F.R. §§ 111.8, 111.14.

      B.    Failure to ensure that each person identified to perform quality control operations has distinct and separate responsibilities related to performing such operations from those responsibilities that the person otherwise has when not performing such operations (21 C.F.R. § 111.12(b)).

**ANSWER:** Claimant denies the allegations in Paragraph 12(b).

      C.    Failure to establish written procedures for pest control (21 C.F.R. § 111.23(b)).

**ANSWER:** Claimant admits that it did not have written procedures for pest control on the date of filing of the Complaint, but affirmatively states that as of the filing of Claimant's Answer, it has written procedures that are compliant with 21 C.F.R. § 111.23(b).

        D.    Failure to assign one or more employees to supervise overall sanitation (21 C.F.R. § 111.15(k)).

**ANSWER:** Claimant admits that it did not have one person formally designated to supervise overall sanitation procedures, and affirmatively states that this function was carried out by all employees.

        E.    Failure to establish and follow written procedures for maintaining, cleaning, and sanitizing, as necessary, all equipment, utensils, and any other contact surfaces that are used to manufacture, package, label, or hold components or dietary supplements (21 C.F.R. § 111.25(c)).

**ANSWER:** Claimant admits that it did not have written procedures as described, but affirmatively states that it regularly inspected the premises to ensure sanitary conditions.

        F.    Failure to adequately document any calibration. each time the calibration is performed, for instruments and controls used in manufacturing or testing a component or dietary supplement, including by not identifying the reference standard used, the calibration method used and the calibration reading or readings found (21 C.F.R. § 111.35(b)(3)).

**ANSWER:** Claimant admits the allegations in Paragraph 12(f), but affirmatively states that as of May 20, 2019, it no longer conducts manufacturing.

        G.    Failure to collect and hold reserve samples of packaged and labeled dietary supplements that were distributed (21 C.F.R. § 111.83).

**ANSWER:** Claimant denies it failed to collect and hold reserves for all of the Defendant Articles, and therefore denies the allegations in Paragraph 12(g).

        H.    Failure to establish component specifications for identity, purity, strength, and composition for each component used to manufacture a dietary supplement (21 C.F.R. §111.70(b)).

**ANSWER:** Claimant admits the allegations in Paragraph 12(h), but affirmatively states that as of May 20, 2019, it no longer conducts manufacturing.

    I.  Failure to establish product specifications for the identity, purity, strength, and composition of each finished batch of dietary supplement (21 C.F.R. § 111.70(e)). Because the company does not have such specifications, including limits on contaminants, it is impossible for the company to determine whether the specifications are met (21 C.F.R. § 111.75(c)).

**ANSWER:** Claimant denies it failed to establish product specifications for all of the Defendant Articles, and therefore denies the allegations in Paragraph 12(i).

    J.  Failure to confirm the identity of other components (i.e., non-dietary ingredients) and determine whether other applicable component specifications are met by conducting appropriate tests or examinations (21 C.F.R. § 111.75(a)(2)(i)) and because of improper reliance on a supplier's certificate of analysis (21 C.F.R. § 111.75(a)(2)(ii)) - specifically, failure to first qualify the component supplier by establishing the reliability of the supplier's certificate of analysis through confirmation of the results of the supplier's tests or examinations (21 C.F.R. § 111.75(a)(2)(ii)(A)); and because the certificate of analysis does not include a description of the tests or examination methods used, limits of the tests or examinations, and the actual results of the tests or examinations (21 C.F.R. § 111.75(a)(2)(ii)(B)).

**ANSWER:** Claimant is unable to admit or deny the allegations in Paragraph 12(j) because, as phrased, the allegations are vague and unclear. To the extent a response is required, the allegations in Paragraph 12(j) are denied.

    K.  Failure to establish and follow written procedures for quality control operations, including written procedures for conducting a material review and making a disposition decision (21 C.F.R. § 111.103).

**ANSWER:** Claimant denies the allegations in Paragraph 12(k).

    L.  Failure to establish and follow a master manufacturing record for each unique formulation of dietary supplement manufactured, and for each batch size, that contains all required information and meets the requirements to ensure uniformity in the finished batch and from batch to batch (21 C.F.R. §§ 111.205, 111.210).

**ANSWER:** Claimant denies the allegations in Paragraph 12(l).

    M.  Failure to prepare a batch production record for each batch of dietary supplement that includes all required information and documentation (21 C.F.R. §§ 111.255, 111.260).

**ANSWER:** Claimant denies that it did not prepare a batch production record as described for all of the Defendant Articles, and therefore denies the allegations in Paragraph 12(m). Claimant affirmatively states that as of May 20, 2019, it no longer conducts manufacturing.

        N.     Failure to clearly identify, hold, and control, under a quarantine system for appropriate disposition, packaged and labeled dietary supplement rejected for distribution (21 C.F.R. § 425).

**ANSWER:** Claimant admits the allegations in Paragraph 12(n).

        O.     Failure to determine whether the finished, packaged and labeled, dietary supplement conforms to specification established in accordance with 21 C.F.R. § 111.70(g) (21 C.F.R. § 111.127(d)).

**ANSWER:** Claimant denies the allegations in Paragraph 12(o).

      13.     On May 17, 2019, pursuant to its authority under the Act, 21 U.S.C. § 334(h)(l), FDA inventoried and placed under administrative detention at Life Rising Corporation, 7884-7888 S. Quincy St., Willowbrook, Illinois 60527, the products listed on Appendix A. Pursuant to 21 U.S.C. § 334(h)(2), the administrative detention cannot exceed 30 days. Consequently, the seizure sought in this action is necessary to ensure that the adulterated Defendant Articles are not further distributed.

**ANSWER:** Claimant admits the allegations in the first sentence of Paragraph 13. The allegations in the second sentence of Paragraph 13 set forth a legal conclusion for which no answer is required; to the extent an answer is required, Claimant admits that the language of the statute referenced in Paragraph 13 is accurate and affirmatively states that the statute speaks for itself. To the extent the allegations in the second sentence are inconsistent with or mischaracterize the language of the statute, they are denied. With respect to the third sentence, Claimant denies that all the Defendant Articles are "adulterated" within the meaning of 21 U.S.C. § 342(g)(1) or that seizure of all the Defendant Articles is "necessary", and therefore denies the remaining allegations in Paragraph 13.

**Claim for Relief**

      14.     The United States incorporates by reference paragraphs 1 through 13 as if fully set forth in this paragraph.

**ANSWER:** Claimant incorporates by reference its responses to paragraphs 1 through 13, as if fully set forth herein.

15. Under 21 U.S.C. § 342(g)(1), a dietary supplement is adulterated if it has been prepared, packed, or held under conditions that do not conform to the cGMP regulations.

**ANSWER:** The allegations in Paragraph 15 purport to repeat 21 U.S.C. § 342(g)(1), a statute that speaks for itself. To the extent the allegations in Paragraph 15 are inconsistent with or mischaracterize the language of the statute, they are denied.

16. The Defendant Articles, food (dietary supplements), are adulterated within the meaning of 21 U.S.C. § 342(g)(l).

**ANSWER:** Claimant denies that all of the Defendant Articles are "adulterated" within the meaning of 21 U.S.C. § 342(g)(1), and therefore denies the allegations in Paragraph 16.

17. By reason of the foregoing, the Defendant Articles are held illegally within the jurisdiction of this Court and are liable to seizure and condemnation pursuant to 21 U.S.C. § 334.

**ANSWER:** Defendant denies that the Defendant Articles were held "illegally" and therefore denies the allegations of Paragraph 17.

Plaintiff's prayer for relief does not require a response. Claimant denies that Plaintiff is entitled to any judgment or relief in its favor, and requests that this Honorable Court enter judgment against Plaintiff and grant any other relief deemed appropriate.

Dated: February 26, 2020

Steven R. Rosenberg, Esq. (ARDC #2385813)
Robert R. Benjamin, Esq. (ARDC #170429)
M. Elysia Baker, Esq. (ARDC #6308530)
GOLAN CHRISTIE TAGLIA LLP
70 W. Madison, Suite 1500
Chicago, Illinois 60602
sjrosenberg@gct.law
rrbenjamin@gct.law
mebaker@gct.law

Respectfully submitted,

LIFE RISING CORPORATION,
Claimant,

By: /s/ *M. Elysia Baker*
    One of Its Attorneys

8